(21 App. Div. 583.)

ROSENQUEST et al. v. NOBLE et al.

(Supreme Court, Appellate Division, First Department.   November 5, 1897.)

1. LANDLORD AND TENANT—SUMMARY PROCESS—FINAL ORDER.
   The principle that a final order in proceedings to dispossess a tenant for nonpayment of rent does not establish the amount of the rent due, applies with even greater force to deprive the order of any such effect as against the sureties on an undertaking to stay the execution of the warrant, in respect to rent "accruing or to accrue" pending the stay.

2. SAME—RES JUDICATA—IDENTITY OF ISSUES.

In an action by the landlord, against the sureties upon such an undertaking, to recover for rent accruing pending the stay, it is no defense that in another action by the same plaintiff against the tenants, to recover the same rent, the complaint was dismissed.

3. SAME—SURETIES—CONSTRUCTION OF CONTRACT.

An undertaking to stay the execution of a warrant, in proceedings to dispossess a tenant, and binding the sureties to pay the "rent accruing and to accrue" pending the appeal, imposes upon them no liability for rent already accrued, and for a period already expired; for the stay has not, as to such rents, impaired or postponed the rights of the landlord.

4. SAME—LEASE—CONSTRUCTION—REMEDIES OF LANDLORD.

Where a lease provides that, in case of breach of covenant by the tenant, the landlord may retain, as liquidated damages, a deposit made by the tenant, his retention of it accordingly, after breach, does not deprive him of his right to also recover for rent due upon the covenants of the lease during the period of occupancy.

5. SAME.

A fortiori, such retention is not a bar to the landlord's action upon an undertaking to stay the execution of the warrant, given in a proceeding to remove the tenant.

Action by J. Wesley Rosenquest and another against William Noble and another. On application for judgment on a verdict directed by the court subject to the opinion of the appellate division. Verdict reduced, and judgment directed thereon for plaintiffs.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry Thompson, for plaintiffs.
Ira Leo Bamberger, for defendant Charles F. Gall.
Rastus S. Ransom, for defendant Noble.

INGRAHAM, J. The action is brought upon an undertaking given by the defendants to obtain a stay of the execution of a warrant awarding the plaintiffs, as landlords, the delivery and possession of certain premises in the possession of Canary & Lederer, as tenants; the said warrant having been granted for the nonpayment of the sum of $2,250, rent alleged to be due on the 1st day of April, 1895, for the said month of April. The said tenants having failed to pay the rent, the proceeding in which this undertaking was given was instituted by the landlords to obtain possession of the leasehold premises; and a warrant was granted, removing the tenants from the premises, and directing the delivery thereof to the plaintiffs, as landlords. The undertaking recites that the said tenants had appealed from the order awarding the warrant, and that, a justice of the court of common pleas having fixed the amount of the undertaking at $5,000, these defendants by such undertaking did thereby, "jointly and severally, undertake that if, upon the appeal, a final determination is rendered against the said tenants and appellants, we will pay all rents accruing or to accrue, upon the premises, not exceeding the sum of $5,000." It appears that subsequently, and on the 16th day of December, 1895, the appeal from such final order was decided, and the order affirmed, by the general term of the court of common pleas, and judgment was entered upon such affirmance; a copy of which judgment, with notice of entry, being served upon the attor-

ney for the tenants, and, more than 10 days before the commencement of the action, upon the defendants who executed the undertaking. It also appeared that the plaintiffs were in possession of the premises under a lease executed by one Benjamin Sire; that subsequently, and on May 18, 1895, the said Benjamin Sire commenced proceedings to dispossess both the plaintiffs, his lessees, and Canary & Lederer, as sublessees; and that such proceedings were had that on the 5th day of June, 1895, a warrant was issued by which both the plaintiffs and Canary & Lederer were dispossessed of the premises; and all interest of the plaintiffs in the leasehold property, or right to receive rent, ceased at that time. The action is brought to recover the rent accruing for the months of April and May, against these defendants, as sureties upon this undertaking. The original answer interposed by the defendants alleged that, upon the execution of the lease from the plaintiffs to Canary & Lederer in pursuance of this provision, the sum of $4,500 was paid by Canary & Lederer to the plaintiffs, which was to be applied to the payment of the rent of the premises for the last two months of the term, namely, April and May, 1896, providing that the tenants, Canary & Lederer, should comply with all the covenants and conditions of the lease up to that time, with a provision, however, that, in case they should fail to comply with all the terms and conditions of the lease up to that time, the amount should be retained by the plaintiffs as liquidated damages for a failure to comply with such terms and conditions, or for a breach of the obligation contained in such lease; that, as the plaintiffs had received this sum of $4,500, they were entitled to deduct it from the amount due for rent; and that nothing was due to the plaintiffs from Canary & Lederer for the months of April and May, 1895. By a supplemental answer it was alleged that one Rosenquest had commenced an action against Canary & Lederer to recover the rent for the months of April and May, 1895; that, such cause having come on to be tried, judgment was entered dismissing the complaint; and that such judgment was res adjudicata as to the claim of these plaintiffs against these defendants under the undertaking, and was a bar to any recovery in this action. The plaintiffs, on the other hand, insist that the judgment of the district court dispossessing Canary & Lederer was itself an adjudication that the rent for these two months was due and unpaid.

The principle is well established that a proceeding to dispossess for nonpayment of rent, which proceeded to final order or judgment, is, as between the parties, an adjudication as to the relation of landlord and tenant, and that rent was due at the time of the commencement of the proceeding. It is not, however, an adjudication as to the amount of the rent due; and assuming that it would be binding upon persons in the position occupied by these defendants, as sureties upon an undertaking given to stay the execution of such a warrant, it is clear that such a judgment is not binding as to the amount of rent due for the period included within the terms of the undertaking; for, by the very terms of the undertaking itself, the only obligation assumed by the defendants was to pay the rent accruing or to accrue. In other words, the undertaking was to pay the

rent for the period during which the landlord should be kept out of the possession of the premises in consequence of the pendency of the appeal, and a stay of an issuance of a warrant which would result in putting the landlord in possession of the premises, and the adjudication was that rent was due prior to the commencement of the proceeding. Nor do we think that the judgment in the action brought by the plaintiffs against Canary & Lederer is an adjudication binding upon these plaintiffs, as to their right to recover from the defendants the rent which accrued between the time of the execution of the undertaking and the final entry of the judgment of the appellate court affirming the order appealed from. The parties in this action are not the same as the parties in the rent action. The instrument sued on here is not the instrument under which the right of the parties in that action was determined. The action there was to recover for a liability created by the lease between the plaintiff and Canary & Lederer, and was to be determined by the terms and conditions of the agreement between those parties. Here the action is to recover under this undertaking, which was executed to stay the proceedings under this warrant, and which, but for the execution of this undertaking, would have resulted in placing the property in the possession of the landlord on the 1st day of May, 1895. The undertaking effectually prevented the landlord from obtaining possession of the premises at that time; and, to accord to the landlord the same right that he would have received had the execution of that warrant been allowed, these defendants have agreed that, in case the judgment or order appealed from should be affirmed, they would pay, not any sum of money that Canary & Lederer owed to the plaintiffs, but the rent accruing, or which should accrue, during the period that the warrant was stayed. It is quite clear that, had the plaintiffs recovered a judgment against Canary & Lederer, that judgment would not have been an adjudication which could have inured to the benefit of these plaintiffs in an action upon this undertaking. As before stated, this undertaking was not given to secure the payment of any rent due under that lease, but was, by express terms, given to secure the payment of the rent of the property during the time that the appeal was pending from the order dispossessing the tenants. These defendants agreed to pay the rent pending that time. This was an independent agreement upon their part, based upon a sufficient consideration; and upon the happening of the contingency named, viz. upon the affirmance of the final order in the proceedings against the tenants and appellants, these defendants agreed to pay all rent accruing or to accrue upon the premises, not exceeding the amount named in the undertaking. This undertaking was executed on the 1st day of May, 1895. Under the lease the rent for the month of April had already accrued. It became payable on the 1st day of April. The time for which that payment was to give to Canary & Lederer the possession of the property had expired, and the execution of the warrant would not give to the plaintiffs any right to receive the proceeds of the property for the month of April. The rent for that month, therefore, was clearly not within the obligation assumed by the defendants when they executed this undertaking. We think, however,

48 N.Y.S.—26

that the plaintiffs were entitled to recover the amount of rent for the month of May. During that month the defendants were kept out of possession of the property by the stay of proceedings which was procured by this undertaking. But for the execution of this undertaking, the plaintiffs would have been entitled to have possession of the property on the 1st day of May, and thus would have been entitled to its use during that month. The rent for that month was therefore rent accruing or to accrue pending the appeal, and comes within the obligation assumed by the defendants upon the execution of the undertaking.

The defendants in this case, however, insist upon the right to apply, or to have applied, the $4,500 paid by Canary & Lederer to the plaintiffs, under the lease between them, to the rent that should become due and owing during these two months, and thus to be relieved from liability to pay such rent, on the ground that the same was paid by the application of such deposit thereto. We think that, under the terms of the lease between the plaintiffs and Canary & Lederer, they are not entitled to have such sum of money applied to the payment of the rent for these two months. By the lease it was agreed that, before its delivery, Canary & Lederer—

"Will deposit with the parties of the first part [the plaintiffs] the sum of four thousand five hundred ($4,500) dollars, which sum shall be held by the parties of the first part, and applied by them as and for the rent of said premises for the months of March and April, 1896: provided, that all the covenants and conditions herein have been fully complied with by the parties of the second part [the said Canary & Lederer] up to said date; but if default is made by the parties of the second part in any of the covenants and agreements herein up to the month of March and April, 1896, then and in that case the said sum of four thousand five hundred ($4,500) dollars shall be forfeited to the said parties of the first part, and the said sum of four thousand five hundred ($4,500) dollars shall be retained by the parties of the first part as and for liquidated damages, and which are hereby fixed as liquidated damages, and not as a penalty."

Now, the meaning of this provision is quite clear. If the lessees should comply with the conditions of their lease up to the 1st day of April, 1896, then this deposit was to be applied to the payment of the rent for April and May, 1896. If, however, they should fail to comply with the covenants contained in the lease up to that time, then the sum of $4,500 was to be retained by the lessors as liquidated damages for a breach of the covenants contained in the lease. Now, the damages sustained by such a breach would not be the amount of rent that accrued prior to the time when any covenant was broken which would entitle the plaintiffs to retain this deposit as liquidated damages. Irrespective of the damages sustained by the plaintiffs upon a breach of the covenants by Canary & Lederer, any sum of money due and unpaid for rent prior to the time of the breach would be an obligation that the plaintiffs could collect from their tenants, not as damages for a breach of the lease, but as money due under the covenants contained in the lease. The agreement between the parties by which this sum of $4,500 should be retained by the plaintiffs as liquidated damages for a breach of the covenants contained in the lease would not satisfy an obligation of Canary & Lederer to pay the money due under the lease as rent of the premises. The

retention, therefore, of this money by the plaintiffs, as liquidated damages for the breach, did not satisfy the obligation under the lease for rent that accrued and became due upon the 1st day of April and the 1st day of May, 1895, and certainly would not be a bar to an action brought under this undertaking, by which these defendants had agreed to pay to the plaintiffs the rent of the premises which accrued subsequent to the execution of the undertaking, and before the final termination of the lease. We think, therefore, that the plaintiffs are entitled to recover from these defendants the rent for the month of May, 1895, and that the verdict must be reduced from $4,500 to $2,250 and interest; and judgment must be directed for the plaintiffs for this amount, with costs in the court below and in this court. All concur.