JOSEPH KREIGER, Respondent, *v.* LOUIS NUSBAUM, Appellant.

(Supreme Court, Appellate Term, First Department, July, 1917.)

Landlord and tenant — summary proceedings — action to recover rent accrued — lease — pleading — damages.

Where a landlord, after obtaining a final order in summary proceedings dispossessing his tenant for nonpayment of rent, brings an action to recover rent in the sum of $350 which had accrued before the institution of the summary proceedings, and it is conceded that he collected rent amounting to $70, the defendant who counterclaims for a deposit of $383, which he was required to make under the lease, is entitled to judgment for $103, it appearing from the pleadings that it was agreed by both parties that only actual damages should be recovered for breach of the covenant to pay rent.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, in favor of plaintiff, after a trial before a judge without a jury.

Alexander Coblitz, for appellant.

Arthur G. Schaffner, for respondent.

LEHMAN, J.   The plaintiff herein is a landlord of certain premises formerly leased to the defendant. On the 1st day of May, 1916, an installment of rent amounting to the sum of $175 became due, and a similar installment became due on the 1st day of June, 1916. Thereafter the plaintiff obtained a final order in summary proceedings dispossessing the defendant for the non-payment of the rent. He now brings this action to recover the rent which had accrued before the summary proceedings were instituted. At the trial he conceded that he collected rent amounting to the sum of $70. There is no dispute that the defendant is liable for the rent still unpaid. The defendant, however, has counterclaimed for the return of a deposit of $383 which he was required to make under the lease. The trial justice has decided that this deposit could be retained by the plaintiff as liquidated damages under the express terms of the lease, and has given judgment in favor of the plaintiff and has dismissed the counterclaim. The deposit was made under a clause in the lease which reads as follows: " It being expressly understood and agreed that if the party of the second part surrenders said premises or is dispossessed therefrom prior to the expiration of this lease, then in that event the said sum of three hundred eighty-three and 33/100 ($383.33) dollars, shall belong to the party of the

first part as liquidated and stipulated damages, and the parties hereto stipulate to treat said deposit as such liquidated damages, because they cannot ascertain the exact amount of damage which the party of the first part would sustain in the event of any breach or violation hereunder. If, however, all terms, covenants and conditions are fully complied with, then in that event the said security shall be returned to the party of the second part at the expiration of this lease.''

The question whether ordinarily under such a clause a landlord may retain a deposit as liquidated damages after summary proceedings has been much discussed in the past in this court, and the decisions upon that point are not entirely harmonious. In the case of *Hochman* v. *Bollt*, 152 N. Y. Supp. 1031, the court held in an opinion written by myself that under similar circumstances the deposit might be considered as liquidated damages for the breach of the tenant which led up to the summary proceedings. In that case, however, the landlord had not himself brought an action to recover damages for the non-payment of rent, but the action was brought by the tenant to recover his deposit and the landlord as a defense to the action showed that the tenant had breached the lease, and this court held only that the landlord could retain the deposit as damages for such breach. In the subsequent case of *Steiger* v. *Feldman*, 94 Misc. Rep. 243, the landlord had instituted summary proceedings for the non-payment of rent and thereafter, as in this case, sought to recover the amount of the rent which had accrued prior thereto. The tenant, as in this case, set up a counterclaim for the amount of the deposit under the lease. The clause in that lease was almost identical in language with the clause in the lease under consideration and the amount of the deposit bore prac-

tically the same proportion to the amount of the monthly rent as in the case at bar. This court in that case was divided upon the question whether under any circumstances the deposit could be regarded as liquidated damages, but was unanimous in holding that under the circumstances there disclosed the defendant was entitled to recover upon his counterclaim. In that case, as in the present case, the only covenant which the landlord claimed the tenant had broken and which could give rise to any right to retain the deposit as liquidated damages was the covenant to pay rent. In both cases the landlord after he had regained possession through summary proceedings brought an action for the actual damages for this breach. Obviously the landlord cannot claim to recover actual damages and at the same time retain the stipulated damages. As I pointed out in my opinion in the earlier case, the counterclaim for the return of the deposit can be defeated only by proof that the landlord had a right to retain this amount as stipulated damages, but inasmuch as the plaintiff brought an action for actual damages and presented its proof on this issue he cannot in the same action raise the absolutely inconsistent claim that the parties have agreed that the damages for such breach should be stipulated and then recover on both issues. Regardless therefore of whether under other circumstances the deposit might be considered stipulated damages for the breach, it appears from the pleadings herein that both parties have agreed that for a breach of the covenant to pay rent only actual damages should be recovered and the plaintiff can therefore not be permitted to retain the deposit as damages for such breach.

The plaintiff claims that this result is not in accordance with the decision of the Appellate Division in the

case of *Rosenquest* v. *Noble,* 21 App. Div. 583. That case, however, has no bearing upon the question before us. In that case there was no clause in the lease that the deposit could be retained as liquidated damages in the event of summary proceedings and the landlord claimed the right to retain the deposit, not as liquidated damages for the nonpayment of rent but for damages for a breach of another covenant in the lease.

Judgment should therefore be reversed, with $30 costs, and judgment ordered in favor of the defendant upon his counterclaim for the sum of $103, with appropriate costs in the court below.

ORDWAY, J., concurs.

BIJUR, J. (concurring). I concur in the result because in my opinion the provision for liquidated damages must be treated as one for a penalty only. See *Fleischer* v. *Friob,* 97 Misc. Rep. 343; affd., 177 App. Div. 921.

Judgment reversed, with costs.